1  JAMES A. DIBOISE, State Bar No. 83296
   DAVID H. KRAMER, State Bar No. 168452
2  COLLEEN BAL, State Bar No. 167637
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
5  Facsimile:   (650) 565-5100

6  Attorneys for Plaintiff
   GOOGLE INC.
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11 GOOGLE INC., a Delaware corporation,      )   CASE NO.:   CV-05-00598 JW
                                              )
12              Plaintiff,                    )
                                              )   **AMENDED COMPLAINT FOR**
13       v.                                   )   **COPYRIGHT INFRINGEMENT**
                                              )   **AND DECLARATORY RELIEF**
14 AFFINITY ENGINES, INC., a Delaware         )
   corporation,                               )
15                                            )
                Defendant.                    )   **DEMAND FOR JURY TRIAL**
16                                            )
                                              )
17

18

19       Plaintiff Google Inc. ("Google") hereby avers for its Complaint against defendant

20 Affinity Engines, Inc. ("AEI") as follows:

21       1.      Google brings this action for copyright infringement against AEI based upon

22 AEI's use of software code owned by Google that implements social networking functionalities.

23 The software code was written by a Google employee, Orkut Buyukkokten ("Buyukkokten"),

24 and is owned by Google pursuant to (a) operation of the Copyright Act's work for hire doctrine,

25 17 U.S.C. §§101, *et seq*., and (b) Buyukkokten's employment and inventions assignment

26 agreement with Google.

27       2.      Without authorization from Google, AEI has copied, distributed copies of, and

28 made derivative works from Google's software code in the course of implementing online

AMENDED COMPLAINT FOR COPYRIGHT           -1-
INFRINGEMENT AND DECLARATORY RELIEF
CASE NO.:  CV-05-00598 JW

networking services for various associations. In so doing, AEI has infringed Google's copyright in the code.

3. Google also seeks a declaration that it is the rightful owner of all social networking software code written by Buyukkokten after he became a Google's employee on August 5, 2002, and that Google is licensed to use any such code written by Buyukkokten before that date.

## THE PARTIES

4. Google is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Mountain View, California.

5. Google alleges on information and belief that AEI is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Palo Alto, California.

6. AEI has infringed a valid and enforceable copyright of Google. AEI has also made ownership claims in software code used to implement a social networking service which was written by Google employee Buyukkokten after August 5, 2002, and has improperly registered a copyright in that code.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to, *inter alia,* 28 U.S.C. §§ 1331, 1338, 2201 and the Copyright Act, 17 U.S.C § 101, *et seq*.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, *inter alia*, a substantial part of the events giving rise to the claim occurred here, and, on information and belief, AEI resides in this district for purposes of the venue statutes since it is subject to personal jurisdiction in this district.

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Local Rule 3-2(c), because this is an intellectual property case, it may properly be assigned to any division in this district.

**FACTUAL BACKGROUND**

10. Google is the world's leading Internet search company. It provides search-related services for a variety of web-based applications. Google's website, www.google.com, is a leading Internet destination, and Google's brand is one of the most recognized in the world. Google maintains the world's largest online index of websites and other content and makes this information freely available to anyone with an Internet connection.

11. AEI is in the business of providing social networking services to universities through their alumni associations.

12. Buyukkokten became a Google employee on August 5, 2002.

13. Effective August 5, 2002, Buyukkokten signed an employment and inventions assignment agreement with Google pursuant to which he assigned to Google a present property interest in any technology he invented on or after August 5, 2002 that relates to Google's anticipated business interests. As of that date, Google's anticipated business interests included web-based social networking services. Buyukkokten was aware of this fact when executing the assignment agreement to Google.

14. Pursuant to the August 5, 2002 agreement, Buyukkokten also granted to Google a present, perpetual, royalty-free license to certain materials, listed on Exhibit A to the employment agreement, that Buyukkokten authored before the execution of the agreement. By its terms, the license grant was immediately effective, and gave Google the right to use any such materials if Buyukkokten incorporated them into any Google product.

15. While employed at Google, Buyukkokten wrote software code called "inCircle" which implements an online social networking service.

16. By operation of the Copyright Act's work for hire doctrine and pursuant to the August 5, 2002 agreement, all code written after August 5, 2002 by Buyukkokten related to inCircle is owned by Google.

17. AEI and its counsel were familiar with Buyukkokten's August 5, 2002 agreement with Google and understood that it vested all right, title and ownership of Buyukkokten's work on the inCircle software code after August 5, 2002 in Google.

18. AEI and its counsel also understood that Buyukkokten's August 5, 2002 agreement with Google vested in Google a present, perpetual, royalty-free license to use any prior inventions listed on Exhibit A that Buyukkokten later integrated into any Google product or service. Such prior inventions included any social networking software code written by Buyukkokten prior to his Google employment.

19. Notwithstanding AEI's knowledge of Google's ownership interest in the inCircle software code, AEI has used and continues to use the inCircle code owned by Google to implement social networking services for alumni associations including the Stanford University Alumni Association, the University of Arizona Alumni Association and the Dartmouth College Alumni Association.

20. On March 8, 2004, AEI sent a letter to Google in which AEI claimed that AEI, not Google, owned all rights to the inCircle program written by Google's employee. AEI claimed that Google had improperly copied the inCircle software code to develop software implementing a social networking service offered by Google called "Orkut.com."

21. In subsequent meetings between Google and AEI, AEI continued to claim that it owned the inCircle software code, and that Google had improperly copied the code. AEI threatened to sue Google for alleged infringement of AEI's intellectual property.

22. On May 25, 2004, AEI filed an action against Google in Santa Clara Superior Court. Among other things, AEI alleged that Google had misappropriated trade secrets found in inCircle in order to develop the software implementing Orkut.com.

23. In November 2004, AEI improperly obtained a copyright registration in the inCircle code written by Google's employee Buyukkokten.

24. In bringing the lawsuit against Google in California state court, AEI chose not to bring a claim for copyright infringement against Google. Yet, AEI has refused Google's requests for assurance that AEI will not file a copyright claim against Google in the future.

**FIRST CLAIM FOR RELIEF – COPYRIGHT INFRINGEMENT**

25. Google realleges and incorporates by reference paragraphs 1 through 24 from above.

26. Google holds a valid and enforceable copyright in and to the inCircle software code.

27. Google has registered said copyright with the United States Copyright Office, Registration No. TX-6079068.

28. Defendant AEI has infringed Google's copyright by reproducing and distributing copies of this software code in violation of 17 U.S.C. § 106.

29. Defendant AEI has infringed Google's copyright by creating and distributing derivative works of this software code in violation of 17 U.S.C. § 106.

30. Plaintiff is entitled to an injunction, actual damages, profits attributable to the infringement not taken into account in computing actual damages and an award of attorneys' fees under 17 U.S.C. § 504.

**SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

31. Google realleges and incorporates by reference paragraphs 1 through 30 from above.

32. In numerous public statements leading up to this lawsuit, including statements made to its existing and potential customers, AEI has claimed all right, title and interest in and to the inCircle software code written by Buyukkokten. AEI has also improperly registered a copyright in the inCircle software code written by Buyukkokten, and claims ownership of the copyright to such code. AEI has further claimed that Google has no ownership rights in the inCircle software code and no rights to use any of the code written by Buyukkokten.

33. Google vehemently disagrees with AEI's public statements which are impacting operation of its Orkut.com Internet service.

34. As such, there is an actual and justiciable controversy between the parties regarding: (1) Google's ownership of the copyright to the inCircle code; (2) Google's license to use the code written by Buyukkokten before August 5, 2002; and (3) the invalidity of AEI's

copyright registration for the inCircle software code written by Buyukkokten. Accordingly, a declaration of the rights and other legal relations of the interested parties is appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for a judgment against AEI that:

1. Permanently enjoins AEI from copying or distributing Google's copyrighted software code and from creating derivative works of Google's copyrighted software code.

2. Awards Google actual damages, profits attributable to the infringement not taken into account in computing actual damages and an award of attorneys' fees under 17 U.S.C. § 504 for AEI's copyright infringement.

3. Declares that AEI has engaged in willful copyright infringement under 17 U.S.C. § 504(c).

4. Declares that Google owns the copyright to all social networking software and source code written by Buyukkokten after August 5, 2002 and that Google's copyright registration for same is valid;

5. Declares that Google holds a perpetual, royalty-free license to all social networking software and source code written by Buyukkokten before August 5, 2002 that was incorporated into Google's products;

6. Declares that AEI's copyright registration for the inCircle software code written by Buyukkokten after August 5, 2002 is invalid and unenforceable;

7. Awards to Google AEI's profits in an amount to be proven at trial;

8. Awards Google its costs and expenses of suit incurred and attorneys' fees as allowed by law; and

9. Grants Google such other relief as the Court may deem proper.

Dated: February 14, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: /s/Colleen Bal
    Colleen Bal

Attorneys for Plaintiff
GOOGLE INC.

## FED. R. CIV. P. 7.1 DISCLOSURE AND

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Fed. R. Civ. P. 7.1, Google Inc. states that it has no parent corporation, and no publicly traded corporation owns 10% or more of the stock of Google Inc.

Pursuant to Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: February 14, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: /s/Colleen Bal
　　　Colleen Bal

Attorneys for Plaintiff
GOOGLE INC.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Google hereby demands trial by jury of all issues properly triable thereby.

Dated: February 14, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/Colleen Bal
  Colleen Bal

Attorneys for Plaintiff
GOOGLE INC.

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND DECLARATORY RELIEF
CASE NO.:  CV-05-00598 JW

-9-

# CERTIFICATE OF SERVICE BY MAIL

I, Elvira Minjarez, declare:

I am employed in Santa Clara County. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service on this date.

On this date, I served **AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** on each person listed below, by placing the document(s) described above in an envelope addressed as indicated below, which I sealed. I placed the envelope(s) for collection and mailing with the United States Postal Service on this day, following ordinary business practices at Wilson Sonsini Goodrich & Rosati.

| | |
|---|---|
| Mr. Steve Loughlin<br>Affinity Engines, Inc.<br>165 University Avenue<br>Palo Alto, CA  94301 | COURTESY COPY:<br><br>G. Hopkins Guy, III<br>Orrick Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California on February 14, 2005.

/s/ Elvira Minjarez
Elvira Minjarez

AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND DECLARATORY RELIEF
CASE NO.: CV-05-00598 JW

-10-