IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Google, Inc., | NO. C 05-0598 JW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR STAY PROCEEDINGS** |
| v. | |
| Affinity Engines, Inc., | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Google, Inc. ("Google" or "Plaintiff") sued Defendant Affinity Engines, Inc. ("AEI" or "Defendant") in this Court seeking damages for copyright infringement and a declaratory judgment as to the ownership of the intellectual property at issue. Previously, AEI sued Google in a now pending action in Santa Clara Superior Court for, inter alia, trade secret misappropriation and common law misappropriation. At issue in both cases is the ownership of a software code used for social networking websites. Defendant now seeks to stay the federal action pending final judgment in the state action. Additionally, Defendant seeks a FED. R. CIV. P. 12(b)(6) dismissal of Plaintiff's claims for declaratory judgment and attorneys' fees. Defendant also requests that the Court dismiss Plaintiff's Lanham Act claim, which Plaintiff voluntarily omitted from its Amended Complaint, with prejudice.

On May 5, 2005, Plaintiff requested that the Court consider its Surreply, also submitted at that time. Pursuant to Civil L. R. 7-3(d), the Court need not and will not consider that Surreply.

A hearing on Defendant's motion was set for May 9, 2005. However, the Court finds it appropriate to take the motion under submission for decision based on the papers pursuant to Civil L. R. 7-1(b). For the reasons stated below, Defendant's motion is granted in part and denied in part.

## II. BACKGROUND

Plaintiff Google is "the world's leading Internet search company," providing "search-related services for a variety of web-based applications." (Plaintiff's Amended Complaint for Copyright Infringement and Declaratory Relief, hereinafter "FAC," Docket Item No. 8, at ¶ 10.)  Defendant AEI provides web-based social networking services for university alumni associations. (FAC ¶ 11.)

In November 2001, Orkut Buyukkokten and Tyler Ziemann, then Stanford students, created Club Nexus, a social networking website for Stanford students (AEI's State Complaint, Exhibit A to the Declaration of Rory G. Bens in Support of Affinity Engines, Inc.'s Motion to Dismiss and/or Stay Proceedings, hereinafter "AEI's State Complaint," Docket Item No.13, at ¶ 11). On April 30, 2002, Ziemann and Buyukkokten signed a Retention Agreement in which they agreed to assign to the as yet unformed AEI, which would evolve from Club Nexus, "all inventions and all improvements to inventions relating to the Club Nexus technology." (AEI's State Complaint ¶¶ 12-14.)  On August 5, 2002, they incorporated AEI, becoming majority stockholders and members of the board of directors. (AEI's State Complaint ¶ 14.) A few weeks later, Buyukkokten assigned to AEI "all of his rights, title, and interest in Club Nexus and the social networking technology he had created with Ziemann," including "all rights in any trade secrets or other confidential and proprietary information related to the technology" and "[a]ll intellectual property rights relating to the Technology . . . as may exist now or hereafter come into existence." (AEI's State Complaint ¶ 16.)

Also on August 5, 2002, Google hired Buyukkokten with the knowledge, according to AEI, of AEI's ownership of the software at issue. (FAC ¶ 12; AEI's State Complaint ¶ 21.) At that time, Orkut Buyukkokten "signed an employment and inventions assignment agreement" in which "he assigned to Google a present property interest in any technology he invented on or after August 5, 2002 that relates to Google's anticipated business interests," including web-based social networking services. (FAC ¶¶ 12-13.) Also, Buyukkokten granted to Google a license to certain other materials authored by Buyukkokten before August 5, 2002, including a right to use any materials incorporated by Buyukkokten into a Google product. (FAC ¶ 14.) Google alleges that "[w]hile employed at Google,

Buyukkokten wrote" the social networking software code "inCircle" and other related codes. (FAC ¶ 16.) Google allegedly holds a valid, enforceable, registered copyright to the inCircle software. (FAC ¶¶ 26-27.) Thus, Google allegedly owns the inCircle software pursuant to the Copyright Act's work for hire doctrine and the August 5, 2002 Agreement. (FAC ¶ 16.) Google alleges in this action that AEI and its counsel were aware of these facts of ownership and, notwithstanding, violated 17 U.S.C. § 106 by reproducing and distributing copies of the inCircle software and creating and distributing derivative works. (FAC ¶¶ 17-19, 28-29.)

On March 8, 2004, AEI sent Google a letter claiming that AEI owned the inCircle software and that Google had improperly copied and used it for their "orkut.com" website. (FAC ¶ 20.) Subsequently, AEI threatened suit for infringement. (FAC ¶ 21.) On May 25, 2004, AEI filed suit in Santa Clara Superior Court, alleging misappropriation of trade secrets, common law misappropriation, breach of fiduciary duty, breach of written contract, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations, intentional interference with prospective economic advantage, conversion, fraud and deceit, constructive fraud, common law unfair competition, and unfair competition under CAL. BUS. & PROF. CODE § 17200 et seq. (FAC ¶¶ 22, 24; AEI's State Complaint.) AEI's Complaint did not include a claim for copyright infringement. (AEI's State Complaint.) Google alleges that in November 2004 AEI "improperly obtained a copyright registration in the inCircle code." (FAC ¶ 23.) Google further alleges that AEI has refused Google's requests that it promise not to file a copyright claim against Google in the future. (FAC ¶ 24.)

### III.  STANDARDS

**A. Request to Stay**

"[I]n certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings. This doctrine 'rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989) (citations omitted). Thus, it is sometimes referred to as the "wise judicial administration exception." See Silberkleit v. Kantrowitz, 713 F.2d 433, 436 (9th

1  Cir. 1983). However, in the Ninth Circuit, federal courts have "no discretion to stay proceedings as to
2  claims within exclusive federal jurisdiction under the wise judicial administration exception. . . .
3  [The] exception to the exercise of federal jurisdiction may be invoked only 'when both the federal and
4  state courts have concurrent jurisdiction over particular claims.'" Id. (citing Turf Paradise, Inc. v.
5  Arizona Downs, 670 F.2d 813, 820-21 (9th Cir. 1981)).

**B. Motion to Dismiss under Rule 12(b)(6)**

The strict standard for granting a motion to dismiss under Rule 12(b)(6) is set forth in Conley v. Gibson, 355 U.S. 41 (1957). A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. As the Ninth Circuit Court of Appeals has observed, a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

In ruling on a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true conclusory allegations or legal characterizations. Pareto, 139 F.3d at 699. Also, the court need not accept unreasonable inferences or unwarranted deductions of fact. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

**A. This Court Has No Discretion to Stay Google's Copyright Infringement Claim Because There Is Exclusive Federal Jurisdiction**

<u>1. There is exclusive federal jurisdiction in this case because it arises out of federal copyright law.</u>

Under 28 U.S.C. § 1338(a), federal courts have exclusive jurisdiction in actions arising out of the federal Copyright Act. 28 U.S.C. § 1338(a) (1982) ("The district courts shall have original

1  jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . . Such
2  jurisdiction shall be exclusive of the courts of the states in . . . copyright cases"); Vestron, Inc. v.
3  Home Box Office Inc., 839 F.2d 1380, 1381 (9th Cir. 1988) ("federal courts have exclusive
4  jurisdiction over actions that arise under federal copyright law").

5  The Ninth Circuit uses a well-known test for determining whether an action arises under of the
6  Copyright Act:

> [A]n action arises under the federal copyright laws 'if and only if the complaint is for a remedy expressly granted by the Act, . . . or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.'

10  Effects Assocs., Inc. v. Cohen, 817 F.2d 72, 73 (9th Cir. 1987) (citations omitted); see also Vestron,
11  839 F.2d at 1381 (citing Effects, 817 F.2d at 73).

12  Plaintiff's action seeks a remedy expressly granted by the Copyright Act. Plaintiff seeks an
13  injunction, damages, profits, costs, and attorneys' fees, pursuant to §§ 502, 504 and 505 of the
14  Copyright Act. (FAC at 6:5-22; Copyright Act §§ 502, 504, & 505.) Plaintiff's complaint also asserts
15  a claim requiring construction of the Copyright Act by invoking the following issues: initial ownership
16  of the copyright (17 U.S.C. § 201(a)), works made for hire (17 U.S.C. § 201(b)), priority between
17  conflicting copyright transfers (17 U.S.C. § 205(d)), and execution of transfers of copyright ownership
18  (17 U.S.C. § 204(a)). (Plaintiff's Opposition to Defendant's Motion to Dismiss and/or Stay
19  Proceedings, hereinafter, "Plaintiff's Opposition," at 7:16-9:17.) Therefore, Plaintiff's action arises
20  under the Copyright Act and triggers exclusive federal jurisdiction.

21  Defendant argues briefly that, because ownership is the main issue in Google's case, Plaintiff's
22  case does not, in fact, arise under federal law. (See Defendant's Reply at 7:23-8:8, 9:14.) This
23  argument fails. Defendant's argument rests on the rule that, in some cases, "when . . . ownership is the
24  sole question for consideration . . . federal courts [are] without jurisdiction." Topolos v. Caldewey,
25  698 F.2d 991, 994 (9th Cir. 1983). "Where the copyright infringement follows 'automatically' after
26  determining the ownership question, the federal court is without jurisdiction." Franklin v. Cannon

Films, Inc., 654 F.Supp. 133, 135 (9th Cir. 1987) (citation omitted).

Yet, as in Vestron, "this argument, applied to this case, ignores the rule that [the defendant's] defense does not affect jurisdiction conferred by the complaint." Vestron, 839 F.2d at 1382. Vestron explains the rule:

> [w]e determine whether an action arises under federal copyright law by reference to the well-pleaded complaint rule. '[W]hether a case is one arising under . . . a law . . . of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation or avoidance of defenses. . . .

Vestron, 839 F.2d at 1381 (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983)). "[F]ederal question jurisdiction is not defeated by reference to potential affirmative defenses raising questions of state law [in cases where the plaintiff's] claim 'is for a remedy expressly granted by the Act.'" Effects, 817 F.2d at 73. "If [the plaintiff's] complaint makes out a bona fide [copyright] infringement claim, then the federal court has jurisdiction." Vestron, 839 F.2d at 1381.

In Vestron, even where the defendant "admit[ted] the allegedly infringing acts, so that ownership [was] the sole contested issue," the court still found that the claim was properly one for copyright infringement because the complaint made out a "bona fide infringement claim," as it sought a remedy expressly granted by the Copyright Act. See Vestron, 839 F.2d at 1381-1382.

Therefore, AEI's argument is defeated by the fact that Google makes a "bona fide infringement claim" by seeking a remedy expressly granted by the Copyright Act and stating a claim requiring construction of the Act. The substantial presence of an ownership issue in this case does not negate exclusive federal jurisdiction.

Therefore, there is exclusive federal jurisdiction of Plaintiff's claim.

//

2.  Where the court has exclusive federal jurisdiction, a case cannot be stayed pending state court action.

Defendant AEI points out that federal courts, under certain circumstances, have inherent

6

authority to stay federal cases that raise issues similar to those in an earlier, pending state case. This, however, is not such a federal case.

Defendant contends that this inherent authority exists regardless of whether the federal court has exclusive or concurrent jurisdiction of the case to be stayed. Yet, Defendant cites no controlling cases to support this erroneous assertion. For example, Defendant relies on Summa Four v. AT&T Wireless Servs., 994 F. Supp. 575 (D. Del. 1998), a patent case. (Reply at 4:24, 9:22-13:27.) Yet this Court looks to Ninth Circuit law to decide copyright cases, while patent cases are governed by Federal Circuit law. Compare Junker v. Eddings, 396 F.3d 1359, 1363 (Fed. Cir. 2005) (noting "[t]he issue here 'pertains uniquely to patent law' . . . and therefore, we review the district court's determination under Federal Circuit law") (citing Duro-Last, Inc. v. Custom Seal, Inc., 321 F.3d 1098, 1106 (Fed. Cir. 2003)) with Atari Games Corp. v. Nintendo of America Inc., 975 F.2d 832, 837 (Fed. Cir. 1992) ("To resolve issues of copyright law, [courts] appl[y] the law as interpreted by the regional circuits, in this case, the United States Court of Appeals for the Ninth Circuit"); see also 28 U.S.C. § 1295(a)-(a)(1).

Crucially, law of the Federal Circuit and the Ninth Circuit differ on the point at issue. In the Federal Circuit, in special circumstances district courts may have discretion to stay federal cases to defer to pending state proceedings. See Summa Four v. AT&T Wireless Servs., 994 F. Supp. 575, 585 (D. Del. 1998) (applying Federal Circuit law and holding that, even where there was exclusive federal jurisdiction, "this case presents the extremely rare circumstance where a stay should be granted in deference to the . . . state court litigation.") In the Ninth Circuit, however, district courts may never do so: "[T]he district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under the wise judicial administration exception. . . . [The] exception to the exercise of federal jurisdiction may be invoked only 'when both the federal and state courts have concurrent jurisdiction over particular claims.'" Silberkleit v. Kantrowitz, 713 F.2d 433, 436 (9th Cir.1983) (citing Turf Paradise, Inc. v. Arizona Downs, 670 F.2d 813, 820-21 (9th Cir. 1981)); see also Minucci v Agrama, 868 F2d 1113, 1115 (9th Cir. 1989) (following Silberkleit and holding that

7

defendants were not entitled to a stay of federal copyright infringement claim pending resolution of state claim because federal jurisdiction was exclusive). Even one of the cases used by Defendant explains this distinction:

> In determining what th[e] criteria should be [for granting a stay *in a patent* case in order to defer to a state court proceeding], the Court starts with the proposition that by definition the plaintiff has no remedy in a non-federal forum and therefore, the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' see Colorado River, 424 U.S. at 817 (citations omitted), is raised to another level. That level is so high that other circuit courts of appeal which have considered the question *in a non-patent context* have held *an action based on exclusive jurisdiction may never be stayed*. See Minucci v. Agrama, 868 F.2d 1113 (*9th Cir*.1989) (copyright claim).

Summa Four, 994 F.Supp. at 582 (D. Del.,1998) (citations in original) (emphases added). This case points out that "other circuit courts of appeal," notably the Ninth Circuit as seen in Minucci, never allow a federal court to stay a case where there is exclusive federal jurisdiction in a non-patent context. Defendant ignores this statement in attempting to prove an antipodal proposition. The Court reminds Defendant that misrepresentation of the law may be grounds for sanctions pursuant to FED. R. CIV. P. 11(b).

Where the Court has exclusive federal jurisdiction, it cannot stay a proceeding pending the resolution of a state court action. Therefore, the Court DENIES AEI's request to stay.

**B. Plaintiff's Prayer for Attorneys' Fees Is Dismissed**

Defendant's Motion seeks to dismiss Plaintiff's prayer for attorneys' fees. In an action brought under the Copyright Act:

> [N]o award of statutory damages or of attorney's fees . . . shall be made for—(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

Defendant argues correctly that because Plaintiff registered its copyright well after Defendant's alleged infringement and publication of the allegedly infringing work, 17 U.S.C. § 412 prohibits any

award of attorneys' fees.[1]  (See AEI's Motion to Dismiss/Stay Proceedings at 11:1-19.)  Therefore, the Court strikes Plaintiff's prayer for attorneys' fees.

**C. Plaintiff's Declaratory Judgment Claim Is Dismissed**

Defendant seeks a Rule 12(b)(6) dismissal of Plaintiff's Declaratory Judgment Claim.  The Court GRANTS Defendant's request.

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to . . . dismiss an action seeking a declaratory judgment."  Id. (citation omitted).  Yet, a district court should not refuse to adjudicate a declaratory judgment claim when other federal claims are joined in the action.  See Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) ("when other claims are joined with an action for declaratory relief . . . the district court should not . . . decline to entertain the claim for declaratory relief"); see also Snodgrass, M.D. v. Provident Life & Accident Insurance Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998).  Additionally, the declaratory judgment claim must not be frivolous: "[i]t should go without saying that a declaratory judgment action must serve some purpose in resolving a dispute."  Exxon Shipping Co. v. Airport Depot Diner, Inc., 120 F.3d 166, 168 (9th Cir. 1997).

In this case, adjudicating Plaintiff's declaratory judgment claim will add no burden to the Court.  The Court will necessarily determine the ownership issue in the concomitant copyright infringement claim.  Thus, no "considerations of practicality and wise judicial administration" suggest that this Court should dismiss the declaratory judgment claim.  Nor is the claim patently frivolous, as it may be seeking to give Plaintiff security against a future infringement suit that was "threatened" by AEI.  (See FAC ¶ 21.)

Therefore, the Court declines to dismiss Plaintiff's declaratory judgment claim.

---

[1] Plaintiff's Opposition does not oppose this argument.  (See Plaintiff's Opposition.)

United States District Court
For the Northern District of California

**D. Plaintiff's Lanham Act Claim Is Not Dismissed With Prejudice**

Defendant argues that Plaintiff's Lanham Act Claim should be dismissed with prejudice because it was alleged in Plaintiff's Original Complaint but not in its voluntarily amended FAC. The Court rejects this argument.

Defendant relies on a statement originally from London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981): "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." Defendant also points to King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987), which uses a similar phrase.[2]

Unlike in this case, however, in London and King, the courts required the plaintiffs to amend their complaints. See London, 644 F.2d at 811-19; King, 814 F.2d at 565-68. The courts in those cases did not hold that claims in an original complaint that were not dismissed but rather voluntarily amended could never be resurrected. On the contrary, courts may allow a plaintiff to reallege a voluntarily withdrawn claim. See e.g., Southwest Forest Indus., Inc. v. Westinghouse Elec. Corp., 422 F.2d 1013, 1015 (9th Cir. 1970) In Southwest Forest, the plaintiff "voluntarily abandoned its warranty count" after defendant moved for summary judgment on that issue. Id. "Then, literally on the eve of trial, Southwest filed a motion to amend its complaint to reallege the warranty theory." Id. Even under those circumstances, the Court did not deem that claim waived. See id.

In this case, Plaintiff omitted the Lanham Act Claim voluntarily.[3] Therefore, the London rule does not apply, and it may be possible to resurrect the claim. Accordingly, the Court declines to dismiss Plaintiff's Lanham Act Claim with prejudice.

//

## V.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's request to stay. The Court strikes

---

[2] "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567.

[3] Moreover, unlike in Southwest Forest, Plaintiff's Lanham Act Claim was not even challenged by Defendant.

10

Plaintiff's claim for attorneys' fees.  Additionally, the Court  DENIES Defendant's motion to dismiss Plaintiff's declaratory judgment claim and declines to dismiss Plaintiff's Lanham Act claim with prejudice.

Dated: August 12, 2005                                        /s/ James Ware
05cv598dis                                                                JAMES WARE
                                                                                  United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Colleen Bal cbal@wsgr.com
David H. Kramer dkramer@wsgr.com
Gabriel M. Ramsey gramsey@orrick.com
George Hopkins Guy hopguy@orrick.com
James A. DiBoise jdiboise@wsgr.com
Peter J. O'Rourke porourke@orrick.com
Rory Bens rbens@orrick.com

**Dated: August 12, 2005**                               **Richard W. Wieking, Clerk**

**By: /jwchambers/**
    **Ronald L. Davis**
    **Courtroom Deputy**

**United States District Court**
For the Northern District of California